GILBERTSON, Chief Justice
(concurring in part and dissenting in part).
[¶ 31.] While I concur with the Court’s holding on Issue 1, I write to dissent with its holding on Issue 2 — that the circuit *851 court abused its discretion by refusing to continue the sentencing hearing to allow Beckley to obtain a psychological evaluation pertaining to his sexual proclivity. The Court’s decision is based on its position that the presentence report was incomplete and that the circuit court had inadequate information to pass sentence without the psychological evaluation that Beckley argues would have provided the justification for mitigating his sentence. I cannot agree.
[¶ 32.] It is the duty of a sentencing court to insure that the punishment “fit[s] the offender and not merely the crime.” State v. Anderson, 1996 SD 46, ¶ 32, 546 N.W.2d 395, 403 (quoting Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, 1342 (1949)). In order to impose an appropriate sentence, the sentencing court must “acquire a thorough acquaintance with the character and history of [the defendant.]” State v. Blair, 2006 SD 75, ¶ 27, 721 N.W.2d 55, 63 (citing State v. Bonner, 1998 SD 30, ¶19, 577 N.W.2d 575, 580 (quoting State v. Chase in Winter, 534 N.W.2d 350, 354-55 (S.D.1995))). Appropriate factors to consider when determining sentence include, “the defendant’s ‘general moral character, mentality, habits, social environment, tendencies, age, aversion or inclination to commit crime, life, family, occupation, and previous criminal record,’ ” Id. (citing Bonner, 1998 SD 30, ¶ 19, 577 N.W.2d at 580 (quoting Chase in Winter, 534 N.W.2d at 354-55)). “This consideration may include ... ‘uncharged conduct.’ ” [8] Id. ¶ 27, 721 N.W.2d at 64 (quoting State v. McKinney, 2005 SD 74, ¶ 17, 699 N.W.2d 460, 466 (McKinney II) (citing United States v. Schaefer, 291 F.3d 932, 944 (7th Cir.2002))). However, “[t]he primary criterion in sentencing is good order and protection of the public and society, and all other factors must be subservient to that end.” Anderson, 1996 SD 46, ¶ 31, 546 N.W.2d at 403 (citations omitted).
[¶ 33.] Whether, a presentencing investigation and report is ordered is a discretionary matter. SDCL 23A-27-5.[9] When there is sufficient evidence in the record, enabling the meaningful exercise of sentencing discretion, the presentence report is superfluous. Id. See swpra note 9 (setting out that when there is sufficient evidence in the record on which to base a sentence, a sentencing court need only then state said basis for the record).
*852 [¶ 34.] In this case, the sentencing court ordered a sentencing hearing that was held on March 8, 2006. In advance of this hearing, the court reviewed a presen-tence report. After reviewing the record, it is apparent, as the court pointed out at the hearing, the report is “very complete.” It contains voluminous information about Beckley including family and marital history, his level of education, military service, employment and financial and medical records as well as information about his religious background. In addition, the report also noted that Beckley had had periods of depression and that he had been sexually abused.[10] Further, the report discussed in detail Beckley’s problems with drugs and alcohol. Nevertheless, the Court concludes that since the sentencing court emphasized its concern over Beckley’s history of perverse sexual behavior when imposing sentence, Beckley was entitled to a continuance in order to include a psychological evaluation aimed at explaining his sexual proclivity, thereby providing a basis to mitigate his sentence.
[¶ 35.] Despite the fact that Beckley offered no explanation as to why the evaluation had not been completed in advance of the March 8, 2005 sentencing hearing,[11] the Court bases its conclusion that Beckley was entitled to the continuance on an interpretation of SDCL 23A-27-6 that it believes required the presentence report to include more findings about Beckley’s sexual proclivity. SDCL 23A-27-6 provides: .
The report of a presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition, and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court.
(Emphasis added). The only requirement under this statute is that the presentence report “shall contain any prior criminal record.” After ordering a presentence investigation and report, the sentencing court then has the discretion to direct that it include whatever other information “as may be helpful” and “required” in imposing sentence.
[¶ 36.] In addition to the detailed pre-sentence report in this case, the record indicates that the sentencing court was well informed as to the detail and extent of Beckley’s perverse conduct. As reflected in'-the Court’s opinion, supra note 10, the seniSqncing court went to great lengths to establish for the record the basis for its sentence.
[¶ 37.] The sentencing court discussed at length how Beckley had pulled over a car with two young girls on April 5, 2005, under the false pretence of working undercover for the City of Sioux Falls. The court discussed how he attempted to videotape the girls. Later that day, Beckley was arrested for methamphetamine possession at the Best Buy in Sioux Falls after police had been summoned there to investigate his strange behavior, which included videotaping other young women. There, Beck-ley was found in possession of the video camera and knives. The camera’s videotape contained footage of the rear ends of *853 young women at Best Buy. The videotape also included footage of Beckley engaged in sex acts. After being released on bail, Beckley was again taken into custody on May 10, 2005, when police were summoned to the driver’s licensing office in Sioux Falls after Beckley was observed photographing another young girl. Finally, on September 13, 2005, Beckley was arrested for window peeking and attempting to force his way into a women’s dormitory on the campus of a Sioux Falls University. During this episode, Beckley was wearing only underwear and a tank top.
[¶ 38.] Despite the obvious and extensive justification for the sentence handed down by the court, this Court now determines that Beckley was entitled to a continuance on the chance that a psychological evaluation of his perverse sexual behavior would have rendered some finding that the sentencing court would have justified as a reason to impose a lesser sentence. This defies reason. The record is replete with evidentiary support for the sentencing court’s determination that Beckley’s behavior posed a clear and present danger to the community, thereby justifying the lengthy sentence that he received.
[¶ 39.] The Court also concludes that the sentencing court’s refusal to grant a continuance violated SDCL 23A-27-1.[12] However, the Court is mistaken in this assessment as well since, as required by that statute, both Beckley and defense counsel had an opportunity to speak at the discretionary sentencing hearing. See supra note 12 (SDCL 23A-27-1). While under the statute Beckley was entitled “to present any information in mitigation of punishment,” see supra note 12 (SDCL 23A-27-1), the only thing that the Court can point to that Beckley was not able to present was the psychological evaluation. Again, it is beyond reason to conclude that the evaluation would have contained any finding for which the sentencing court would have justified imposition of a shorter sentence.
[¶ 40.] There was support in the record for the sentence imposed by the court; the presentence report notwithstanding. The Court’s holding imposes mandatory content in a discretionary report. The result of this holding will be that sentencing courts will forego ordering presentence reports in favor of determination based on the trial court record in order to avoid the threat of reversal established by this Court today.

. While the sentencing court has "wide latitude” in determining an appropriate sentence, see McKinney II, 2005 SD 74, ¶ 17, 699 N.W.2d at 466 (citing State v. Milk, 2000 SD 28, ¶ 10, 607 N.W.2d 14, 17 (citation omitted)), in order to consider uncharged conduct, the State must prove such conduct by a preponderance of the evidence. Id. ¶ 18, 699 N.W.2d at 466 (citations omitted). Although Beckley argues that the circuit court did not adequately consider the psychological underpinnings of his perverse sexual behavior, he did not object to the sentencing court's consideration of this uncharged conduct nor does he on appeal claim error in the sentencing court's consideration of same.

. SDCL 23A-27-5 provides:
A presentence investigation may be ordered in the discretion of a court. The court services officer of a court shall make a presen-tence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.
The report shall not be submitted to a court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that a judge may, with the written consent of the defendant, inspect a presentence report at any time.
(Emphasis added).

. The report indicates that Beckley received a substantial monetary award as a participant in a class-action law suit seeking damages for victims of sexual abuse that occurred in a group home operated by the State of Washington.

. The fact that Beckley’s expert was unable to attend the sentencing hearing does not constitute a reason for why the psychological evaluation had not been completed by that late date.

. SDCL 23A-27-1 provides in pertinent part:
Sentences shall be imposed without unreasonable delay, but not within forty-eight hours after determination of guilt. A defendant may waive the forty-eight hour delay. Before imposing a sentence, a court may order a hearing in mitigation or aggravation of punishment. At such hearing, the court shall allow the defense counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.
(Emphasis added).